UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

MARIA M. SERRANO

     Plaintiff (s),

v.

CAMERON ALF CORP.,
ALEXIS ARTEAGA,
and NERY A. RODRIGUEZ,
individually,

     Defendants,
_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff MARIA M. SERRANO, by and through the undersigned counsel, and hereby sues Defendants CAMERON ALF CORP., ALEXIS ARTEAGA, and NERY A. RODRIGUEZ, individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid, minimum wages, half-time overtime, and retaliation under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff MARIA M. SERRANO (hereinafter MARIA M. SERRANO, or Plaintiff) is a resident of Hillsborough County, Florida, within the jurisdiction of the Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant CAMERON ALF CORP. (hereinafter CAMERON ALF, or Defendant) is a Florida corporation, having a place of business in, Hillsborough County, Florida. The Defendant was and is engaged in interstate commerce.

4. The individual Defendants ALEXIS ARTEAGA and NERY A. RODRIGUEZ were and are now, owners/partners/officers/and managers of CAMERON ALF. Defendants ALEXIS ARTEAGA and NERY A. RODRIGUEZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] and they are jointly liable for the Plaintiff's damages.

5. All the actions raised in this complaint took place in Hillsborough County, Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

6. This cause of action is brought by Plaintiff MARIA M. SERRANO as a collective action to recover from the Defendants minimum wages, half-time overtime compensation liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after September 2018, (the "material time") without being properly compensated.

7. Defendant CAMERON ALF is an Assisted Living Facility that provides home healthcare services to the elderly and infirm. This Assisted Living Facility is a residential care facility "primarily engaged in the care of the sick, the aged, or the

mentally ill" within the meaning of Section 3(s)(1)(B) of the FLSA, and therefore Defendant is an enterprise subjected to FLSA coverage.

8. Defendants CAMERON ALF, ALEXIS ARTEAGA, and NERY A. RODRIGUEZ employed Plaintiff MARIA M. SERRANO as a non-exempted, full-time direct home health care aid, approximately since September 15, 2018, to July 9, 2020, or 95 weeks.  However, for FLSA purposes, Plaintiff's relevant period of employment is 93 weeks.

9. The Plaintiff was paid a wage rate of $80.00 per night. The Plaintiff's last rate was $90.00 per night.  Plaintiff always worked 5 days per week, thus, Plaintiff's weekly earnings should have been $400.00 and $500.00 per week.

10. The Plaintiff was assigned to work as a caregiver for the elderly, and Alzheimer's patients, who resided at CAMERON ALF assisted living facility.

11. Plaintiff took care of 10 patients from 5:00 PM to 9:00 PM. After 9:00 PM Plaintiff stayed alone at the facility, and she had to take care of the needs of 18 elderly and sick patients.

12. The Plaintiff's duties at the residential facility consisted of cooking, cleaning, assisting the elderly patients with daily living activities such as bathing, dressing, grooming, feeding, changing diapers, administering medicines, etc.

13. During the relevant period of employment with the Defendants, Plaintiff worked 5 days every week.

14. Plaintiff worked a regular schedule From Monday to Friday from 5:00 PM to 8:00 Saturdays or Sundays from 8:00 AM to 8:00 PM (15 hours daily).  Plaintiff completed a minimum of 75 hours every week.

15. The Defendants paid Plaintiff $400.00 or $450.00 weekly. However, the amount paid to Plaintiff every week divided by the number of hours worked by her, resulted in an hourly rate of $5.34 and $6.00 an hour, which is less than the minimum wage established by the Fair Labor Standards Act.

16. There were many weeks in which Plaintiff was paid less than $400.00 and $450.00, without any reason or justification.

17. Moreover, during her entire period of employment with Defendants, the Plaintiff always worked more than 40 hours every week. Nevertheless, Plaintiff never was properly compensated for overtime hours worked.

18. The Plaintiff clocked-in-and-out and the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals, and they knew about the number of hours worked by Plaintiff and other similarly situated individuals.

19. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

20. The Plaintiff was paid with checks and paystubs that did not show basic information about the rate of payment, the number of days and hours worked, employee's taxes withheld, etc.

21. Plaintiff complained multiple times to the Administrator Nery A. Rodriguez, Plaintiff requested to be paid at least the minimum wage and overtime hours, but Defendants did not pay attention to the problem.

22. Plaintiff complained about unpaid minimum wages and overtime, the last time on or about May 29, 2020.

23. On or about June 29, 2020, Plaintiff got very sick, and she was unable to show up for work.  Plaintiff timely notified the Defendants about her condition.  Following medical advice, Plaintiff took bed rest and she was supposed to return to work on July 13, 2020.

24. However, on or about July 9, 2020, Plaintiff was notified that she was no longer employed with Defendants.

25. The Plaintiff is not in possession of time and payment records, and she does not know exactly when she got an increase from $80.00 to $90.00 daily. Nevertheless, the Plaintiff is going to provide a good faith estimate of unpaid overtime, based on a workweek of 5 days paid at the rate of $80.00 daily. Upon discovery, the Plaintiff will amend her Statement of Claim to adjust the weeks paid at $90.00 daily.

26. Plaintiff MARIA M. SERRANO seeks to recover unpaid minimum wages, half-time overtime wages, accumulated during her entire period of employment with Defendants, plus retaliatory damages, liquidated damages, and any other relief allowable by law.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

27. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-26 above as if set out in full herein.

28. This cause of action is brought by Plaintiff MARIA M. SERRANO  as a collective action to recover from the Defendants overtime compensation, liquidated damages,

costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after April 2017,  (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

29. Defendant CAMERON ALF was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). The Defendant is an assisted living facility that provides healthcare services to the elderly and infirm. This assisted living facility is "primarily engaged in the care of the sick, the aged, or the mentally ill".  Therefore, there is enterprise coverage.

30. Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce.  Plaintiff and those similarly-situated worked as a caregiver at a facility engaged in the care of the sick, the aged, or the mentally ill". Therefore, there is enterprise individual coverage.

31. For the reasons stated above Defendant, CAMERON ALF must comply with the minimum wage and overtime and youth requirements of the FLSA.

32. Defendants CAMERON ALF, ALEXIS ARTEAGA, and NERY A. RODRIGUEZ employed Plaintiff MARIA M. SERRANO as a non-exempted, full-time direct home health care aid, approximately since September 15, 2018, to July 9, 2020, or 95 weeks.  However, for FLSA purposes, Plaintiff's relevant period of employment is 93 weeks.

33. The Plaintiff was paid a wage rate of $80.00 per night. During the last weeks of employment, the Plaintiff's last rate was $90.00 per night.  Plaintiff always worked 5 days per week, thus, Plaintiff's weekly earnings should have been $400.00 and $500.00 per week.

34. The Plaintiff was assigned to work as a caregiver for the elderly, and Alzheimer's patients, residing at CAMERON ALF assisted living facility.

35. During the relevant period of employment with the Defendants, Plaintiff regularly worked 5 days every week, from Monday to Friday from 5:00 PM to 8:00 AM, a total of 75 hours every week.

36. The Defendants paid Plaintiff $400.00 and $450.00 weekly. However, the amount paid to Plaintiff every week divided by the total number of hours worked, resulting in an hourly rate of $5.34 and $6.00 an hour, which is less than the minimum wage established by the Fair Labor Standards Act.

37. There were many weeks in which Plaintiff was paid less than $400.00 and $450.00, without any reason or justification.

38. Moreover, during her entire period of employment with Defendants, the Plaintiff always worked more than 40 hours every week. Nevertheless, Plaintiff never was properly compensated for overtime hours worked.

39. The Plaintiff clocked-in-and-out and the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals, and they knew about the number of hours worked by Plaintiff and other similarly situated individuals.

40. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate

of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

41. The Plaintiff was paid with checks and paystubs that did not show basic information about the rate of payment, the number of days and hours worked, employee's taxes withheld, etc.

42. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of the Defendants. However, upon information and belief, the Defendants did not maintain time accurate records of hours worked by the Plaintiff and other employees.

43. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

44. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

45. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, is as follows:

* Please note that these amounts are based on a preliminary calculation. Plaintiff will base her calculation on a wage rate of $80.00 x 5 days. After proper discovery, the Plaintiff will adjust her statement of claim properly.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

        Thirteen Thousand Seven Hundred Fifty-Six Dollars and 40/100 ($13,756.40)

b. <u>Calculation of such wages:</u>

Total period of employment: 95 weeks
Relevant weeks of employment: 93 weeks
Daily rate: $80.00 x 5 days= $400.00 weekly
$400.00 weekly:75 hours = $5.34

**1.- Calculations for half-time O/T for (9/15/2018 -12/30/2018= 16 weeks**

Total number of weeks:  16 weeks
Total number of hours worked: 75 hours weekly
Total number of O/T hours: 35 O/T hours
Total number of unpaid O/T hours: 35 O/T hours
 Daily rate: $80.00 x 5 days= $400.00 weekly
$400.00 weekly:75 hours = $5.34
 Florida minimum wage 2018: $8.25:2= $4.13

Half-time $4.13 x 35 O/T hours=$144.55 weekly x 16 weeks=$2,312.80

**2.- Calculations for half-time O/T for 52 weeks 2019**

Total number of weeks:  52 weeks
Total number of hours worked: 75 hours weekly
Total number of O/T hours: 35 O/T hours
Total number of unpaid O/T hours: 35 O/T hours
 Daily rate: $80.00 x 5 days= $400.00 weekly
 $400.00 weekly:75 hours = $5.34
 Florida minimum wage 2019: $8.46: 2 = $4.23

Half-time $4.23 x 35 O/T hours=$148.05 weekly x 52 weeks=$7,698.60

**3.- Calculations for half-time O/T for 25 weeks 2020**

Total number of weeks:  25 weeks
Total number of hours worked: 75 hours weekly
Total number of O/T hours: 35 O/T hours
Total number of unpaid O/T hours: 35 O/T hours
 Daily rate: $80.00 x 5 days= $400.00 weekly
 $400.00 weekly:75 hours = $5.34
 Florida minimum wage 2020: $8.56: 2 = $4.28

Half-time $4.28 x 35 O/T hours=$149.80 weekly x 25 weeks=$3,745.00

Total # 1, # 2, and # 3:  $13,756.40

Nature of wages (e.g. overtime or straight time):

This amount represents unpaid overtime wages.

46. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

47. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

48. At the times mentioned, individual Defendants ALEXIS ARTEAGA and NERY A. RODRIGUEZ were the owners/partners and operated CAMERON ALF. Defendants ALEXIS ARTEAGA and NERY A. RODRIGUEZ were the employers of Plaintiff and others similarly situated, within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of CAMERON ALF concerning its employees, including Plaintiff and others similarly situated. Defendants ALEXIS ARTEAGA and NERY A. RODRIGUEZ had absolute financial and operational

control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff's damages.

49. Defendants CAMERON ALF, ALEXIS ARTEAGA, and NERY A. RODRIGUEZ willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

50. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MARIA M. SERRANO and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff MARIA M. SERRANO and other similarly situated individuals and against the Defendants CAMERON ALF, ALEXIS ARTEAGA, and NERY A. RODRIGUEZ, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff MARIA M. SERRANO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

JURY DEMAND

Plaintiff MARIA M. SERRANO demands trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

51. Plaintiff MARIA M. SERRANO re-adopts every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

52. This action is brought by Plaintiff MARIA M. SERRANO and those similarly-situated to recover from the Employer CAMERON ALF unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

53. Defendant CAMERON ALF was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). The Defendant is an assisted living facility that provides healthcare services to the elderly and infirm. This assisted living facility is "primarily engaged in the care of the sick, the aged, or the mentally ill". Therefore, there is enterprise coverage.

54. Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated worked as a caregiver at a facility engaged in the care of the sick, the aged, or the mentally ill". Therefore, there is enterprise individual coverage.

55. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

56. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

57. Defendants CAMERON ALF, ALEXIS ARTEAGA, and NERY A. RODRIGUEZ employed Plaintiff MARIA M. SERRANO as a non-exempted, full-time direct home health care aid, approximately since September 15, 2018, to July 9, 2020, or 95 weeks.  However, for FLSA purposes, Plaintiff's relevant period of employment is 93 weeks.

58. The Plaintiff was paid a wage rate of $80.00 per night. During the last weeks of employment, the Plaintiff's last rate was $90.00 per night.  Plaintiff always worked 5 days per week, thus, Plaintiff's weekly earnings should have been $400.00 and $500.00 per week.

59. The Plaintiff was assigned to work as a caregiver for the elderly, and Alzheimer's patients, residing at CAMERON ALF assisted living facility.

60. During the relevant period of employment with the Defendants, Plaintiff regularly worked 5 days every week, from Monday to Friday from 5:00 PM to 8:00 AM, a

total of 75 hours every week.

61. The Defendants paid Plaintiff $400.00 and $450.00 weekly. However, the amount paid to Plaintiff every week divided by the total number of hours worked, resulting in an hourly rate of $5.34 and $6.00 an hour, which is less than the minimum wage established by the Fair Labor Standards Act.

62. There were many weeks in which Plaintiff was paid less than $400.00 and $450.00, without any reason or justification, and there is a substantial number of working hours that were not paid at any rate, not even at the minimum wage rate as required by the FLSA.

63. The Plaintiff clocked-in-and-out and the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals, and they knew about the number of hours worked by Plaintiff and other similarly situated individuals.

64. Therefore, Defendants failed to pay Plaintiff minimum wages, in violation of the Fair Labor Standards Act of 1938 (29 U.S.C. §206 (a)).

65. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

66. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

67. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and

minimum wage payments. Defendants violated the Posting requirements of 29

U.S.C. § 516.4.

68. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the

time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages

are as follows:

*Please note that these amounts are based on a preliminary calculation and that these
figures could be subject to modification as discovery could dictate.
*Florida minimum wage is higher than federal minimum wage, as per FLSA
regulations the higher minimum wage rate applies.

    a.  <u>Total amount of alleged unpaid wages</u>:

        Twenty-One Thousand Six Hundred Ninety-Seven Dollars and 50/100
        ($21,697.50)

    b.  <u>Calculation of such wages</u>:

        Total time of employment: 95 weeks
        Relevant weeks of employment: 93 weeks
        Total number of hours worked:  75 hours weekly
        Total number of paid hours: 75 hours
        Daily rate: $80.00 x 5 days= $400.00 weekly
        $400.00 weekly:75 hours = $5.34 an hour

        **<u>1.- Calculations for Minimum wages (9/15/2018 -12/30/2018= 16 weeks</u>**

        Total number of weeks:  16 weeks
        Total number of hours worked: 75 hours weekly
        Daily rate: $80.00 x 5 days= $400.00 weekly
        $400.00 weekly:75 hours = $5.34
        Florida minimum wage 2018: $8.25-$5.34 rate paid=$2.91 an hour
        Minimum wage difference: $2.91

        Min. wage diff. $2.91 x 75 hours=$218.25 weekly x 16 weeks=$3,492.00

        **<u>2.- Calculations Minimum wages 2019= 52 weeks</u>**

        Total number of weeks:  52 weeks
        Total number of hours worked: 75 hours weekly
        Daily rate: $80.00 x 5 days= $400.00 weekly

$400.00 weekly:75 hours = $5.34
Florida minimum wage 2019: $8.46-$5.34 rate paid=$3.12 an hour
Minimum wage difference: $3.12

Min. wage diff. $3.12 x 75 hours=$234.00 weekly x 52 weeks=$12,168.00

### 3.- Calculations Minimum wages 2020 for 25 weeks

Total number of weeks:  25 weeks
Total number of hours worked: 75 hours weekly
Daily rate: $80.00 x 5 days= $400.00 weekly
$400.00 weekly:75 hours = $5.34
Florida minimum wage 2020: $8.56-$5.34 rate paid=$3.22 an hour
Minimum wage difference: $3.22 an hour

Min. wage diff. $3.22 x 75 hours=$241.50 weekly x 25 weeks=$6,037.50

Total # 1, # 2, and # 3: $21,697.50

Nature of wages:

This amount represents unpaid minimum wages at Florida Min. wage rate

69. Defendants CAMERON ALF, ALEXIS ARTEAGA, and NERY A. RODRIGUEZ unlawfully failed to pay Plaintiff minimum wages.  Plaintiff seeks to recover for minimum wage violations accumulated from the date of hire through Plaintiff's last date of employment.

70. Defendants CAMERON ALF, ALEXIS ARTEAGA, and  NERY A. RODRIGUEZ knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

71. At the times mentioned, individual Defendants ALEXIS ARTEAGA and NERY A. RODRIGUEZ were the owners/partners/ officers and managers of CAMERON ALF. Defendants ALEXIS ARTEAGA and NERY A. RODRIGUEZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of CAMERON ALF concerning its employees, including Plaintiff and others similarly situated. Defendants ALEXIS ARTEAGA and NERY A. RODRIGUEZ had financial and operational control of the corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

72. Defendants CAMERON ALF, ALEXIS ARTEAGA, and NERY A. RODRIGUEZ willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants.

73. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MARIA M. SERRANO and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff MARIA M. SERRANO and against the Defendants CAMERON ALF, ALEXIS ARTEAGA, and NERY A. RODRIGUEZ  based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. §

201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff MARIA M. SERRANO and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS**

74.  Plaintiff MARIA M. SERRANO re-adopts every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

75.  Defendant CAMERON ALF was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). The Defendant is an assisted living facility that provides healthcare services to the elderly and infirm. This assisted living facility is "primarily engaged in the care of the sick, the aged, or the mentally ill". Therefore, there is enterprise coverage.

76.  Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated worked as a caregiver at a facility engaged in the care of the sick, the aged, or the mentally ill". Therefore, there is enterprise individual coverage.

77. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

78. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

79. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

80. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

81. Defendants CAMERON ALF, ALEXIS ARTEAGA, and NERY A. RODRIGUEZ employed Plaintiff MARIA M. SERRANO as a non-exempted, full-time direct health care aid, approximately since September 15, 2018, to July 9, 2020, or 95 weeks.  However, for FLSA purposes, Plaintiff's relevant period of employment is 93 weeks.

82. The Plaintiff was paid a wage rate of $80.00 per night. The Plaintiff's last rate was $90.00 per night.  Plaintiff always worked 5 days per week, thus, Plaintiff's weekly earnings should have been $400.00 and $500.00 per week.

83. The Plaintiff's duties at the residential facility consisted of cooking, cleaning,

assisting the elderly patients with daily living activities such as bathing, dressing, grooming, feeding, changing diapers, administering medicines, etc.

84. During the relevant period of employment with the Defendants, Plaintiff worked 5 days every week a minimum of 75 hours.

85. The Defendants paid Plaintiff $400.00 or $450.00 weekly. However, the amount paid to Plaintiff every week divided by the number of hours worked by her, resulting in an hourly rate of $5.34 and $6.00 an hour, which is less than the minimum wage established by the Fair Labor Standards Act.

86. There were many weeks in which Plaintiff was paid less than $400.00 and $450.00, without any reason or justification.

87. Moreover, during her entire period of employment with Defendants, the Plaintiff always worked more than 40 hours every week. Nevertheless, Plaintiff never was properly compensated for overtime hours worked.

88. The Plaintiff clocked-in-and-out and the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals, and they knew about the number of hours worked by Plaintiff and other similarly situated individuals.

89. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

90. The Plaintiff was paid with checks and paystubs that did not show basic information about the rate of payment, the number of days and hours worked, employee's taxes withheld, etc.

91. Plaintiff complained multiple times to the Administrator Nery A. Rodriguez, Plaintiff requested to be paid at least the minimum wage and overtime hours, but Defendants did not pay attention to the problem.

92. These complaints constituted protected activity under 29 U.S.C. 215(a)(3)

93. Plaintiff complained about unpaid minimum wages and overtime, the last time on or about May 29, 2020.

94. This complaint constituted protected activity under 29 U.S.C. 215(a)(3).

95. On or about June 29, 2020, Plaintiff got very sick, and she was unable to show up for work.  Plaintiff timely notified the Defendants about her condition.  Following medical advice, Plaintiff took bed rest and she was supposed to return to work on July 13, 2020.

96. However, on or about July 9, 2020, Plaintiff was notified that she was no longer employed with Defendants.

97. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

98. The termination of Plaintiff MARIA M. SERRANO by the Defendants was directly and proximately caused by the Defendants' unjustified retaliation against Plaintiff because she complained about minimum wages, missing working hours and overtime payment, in violation of Federal Law.

99. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff participated in protected activity.

100. At the times mentioned, individual Defendants ALEXIS ARTEAGA and NERY A. RODRIGUEZ were the owners/partners/ officers and managers of CAMERON ALF. Defendants ALEXIS ARTEAGA and NERY A. RODRIGUEZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of CAMERON ALF concerning its employees, including Plaintiff and others similarly situated. Defendants ALEXIS ARTEAGA and NERY A. RODRIGUEZ had financial and operational control of the corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

101. Defendants CAMERON ALF, ALEXIS ARTEAGA, and  NERY A. RODRIGUEZ  willfully and maliciously retaliated against Plaintiff MARIA M. SERRANO by engaging in a retaliatory action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising her rights under 29 U.S.C. 215(a)(3).

102. The motivating factor which caused Plaintiff MARIA M. SERRANO to be fired from the business, as described above was her complaint seeking regular wages and half-time overtime wages from the Defendants.  In other words, Plaintiff would not have been fired, but for her complaints about overtime wages.

103.	The Defendants' adverse actions against Plaintiff MARIA M. SERRANO were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

104.	Plaintiff MARIA M. SERRANO has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MARIA M. SERRANO respectfully requests that this Honorable Court:

A.	Enter judgment declaring that the firing of Plaintiff MARIA M. SERRANO by Defendants CAMERON ALF, ALEXIS ARTEAGA, and NERY A. RODRIGUEZ  was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B.	Enter judgment against Defendants CAMERON ALF, ALEXIS ARTEAGA, and NERY A. RODRIGUEZ   awarding Plaintiff MARIA M. SERRANO liquidated damages in an amount equal to the amount awarded as consequential damages;

C.	For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D.	Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E.	Grant such other and further relief as this Court deems necessary and proper.

<u>JURY DEMAND</u>

Plaintiff MARIA M. SERRANO demands trial by a jury of all issues triable as of right by

a jury.

Dated: July 17, 2020

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*